CALLAHAN, Circuit Judge,
dissenting.
I do not believe malingering is a com-pensable disability. I dissent.[1]
In my view, substantial evidence supports the Administrative Law Judge’s (“ALJ”) conclusion that Davis could perform his past work as a cabinet assembler. The ALJ found the testimony of Dr. Cools, a non-treating, non-examining medical expert, to be unsupported by evidence in the record. Because the testimony given by Dr. Cools was not supported by any findings, and conflicted with the opinions of other physicians, including his treating physician, the ALJ was not required to accept his testimony, and was certainly not required to give his testimony more weight than the treating physician’s opinion. Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.2009).
The ALJ asked the Vocational Expert (“VE”) a hypothetical based on the limitations he found credible and supported by the objective evidence in the record. The VE stated that a person with those limitations would be able to perform Davis’s past work as a cabinet assembler. Substantial evidence supports the ALJ’s decision as to Davis’s limitations. Because we do not review the ALFs decision de novo, his judgment should not be replaced with ours. See Floten v. Sec’y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995). I would affirm the district court’s decision upholding the ALL Given my dissent, I would also not award costs to the plaintiff on appeal.

. I concur in the portion of the decision that finds Davis is ineligible for benefits under Title II of the Social Security Act and that he has waived any challenge to that finding.